**TRI COUNTY CITIZENS RIGHTS ORGANIZATION Through its President, Joe W. Gutierrez and also acting Individually as a Taxpayer and Citizen, Appellants,**

v.

**Pearce JOHNSON, Individually and as Chairman of Texas Parks and Wildlife Commission, and Harry Jergis et al., Individually and as Members of Texas Parks and Wildlife Commission, Appellees.**

No. 12041.

Court of Civil Appeals of Texas, Austin.

July 18, 1973.

Rehearing Denied Aug. 8, 1973.

Phillip D. Hardberger, San Antonio, for appellants.

John L. Hill, Atty. Gen., Austin, Randall S. Boyd, Sp. Asst. Atty. Gen., Dallas, for appellees.

O'QUINN, Justice.

Appellants brought this lawsuit in district court of Travis County seeking to prevent the Texas Parks and Wildlife

Commission from enforcing provisions of its proclamation published in September of 1971 declaring no open season on game animals and birds within river beds owned by the State in the counties of Uvalde, Dimmit, and Zavala.

Joe W. Guiterrez, acting individually as a taxpayer and in behalf of Tri County Citizens Rights Organization as its president, filed suit naming as defendants Pearce Johnson, individually and as chairman of the Parks and Wildlife Commission, members of the Commission and its executive director, individually and in their official capacities. Plaintiffs' petition described the Tri County Citizens Rights Organization as a Texas corporation organized for the purpose of operating a nonprofit institution composed of sportsmen dedicated to the preservation of hunting and fishing rights.

The proclamation under attack by Guiterrez and the Tri County organization was adopted by the Commission pursuant to section 18 of Article 978j–1, Vernon's Anno. Penal Code, designated Uniform Wildlife Regulatory Act, which became effective September 1, 1967.

The target of plaintiffs' action was section 1.07 of the proclamation, the relevant portion being as follows:

"1.07. Open Seasons—General Rules. Open seasons are given by their opening and closing dates and include all days between such opening and closing dates. *There is no open season on game animals, game birds or fur-bearing animals* on State game preserves, statutory wildlife sanctuaries, United States wildlife sanctuaries, within the corporate limits of any city, on public roads and highways or rights-of-way of such public roads and highways, and *in State-owned river beds in Uvalde, Dimmit and Zavala Counties including, but not limited to, the Nueces and Frio Rivers* . . . ." (Emphasis supplied)

Plaintiffs prayed that the proclamation be declared null and void and for "a permanent injunction . . . prohibiting enforcement" of the proclamation by state and local authorities.

The Attorney General, for the Commission and the individual defendants in their official capacities, answered with pleas to the jurisdiction, pleas in abatement, and by general denial. The trial court overruled all pleas in bar and abatement, including pleas that the court was without jurisdiction because (1) the suit was in fact against the State, for which permission to sue had not been obtained, and (2) the suit failed to present a justiciable controversy.

Trial was before the court in November of 1972, and the court entered judgment on November 29 that plaintiffs take nothing by their suit. The court found that the Commission acted within the scope of its authority in issuing the proclamation, that section 1.07 "is constitutional," that the proclamation was based "upon substantial evidence," and that the Commission in promulgating the proclamation "did not act unreasonably, arbitrarily, unjustly, capriciously, nor illegally."

Plaintiffs perfected their appeal and bring two points of error. In substance appellants' points are that (1) the trial court improperly applied the substantial evidence rule and that (2) as a matter of law there was no substantial evidence to support the court's decision.

Appellees reply to these points and bring two cross points of error. The cross points are (1) the trial court erred in holding that the doctrine of governmental immunity did not prevent this suit from being maintained and (2) it was error to hold that there was a justiciable controversy involved.

We have concluded that the trial court was without jurisdiction and the cause should have been dismissed. We will reverse the judgment of the trial court and render judgment dismissing the case.

■ It is an established rule, ably stated by McDonald, that ". . . sufficiency

of a plaintiff's interest [to maintain a lawsuit] comes into question when he intervenes in public affairs. When the plaintiff, as a private citizen, asserts a public, as distinguished from a private, right, and his complaint fails to show that the matters in dispute affect him differently from other citizens, he does not establish a justiciable interest." McDonald: Texas Civil Practice, vol. 1, sec. 3.03.3, p. 229 (1965 rev. vol.).

Appellants concede that the Parks and Wildlife Commission in promulgating the proclamation ". . . enacted a rule of conduct or law for the entire *citizenry* of this State which must be followed under penalty of prosecution for violation thereof." (Emphasis by appellants) Appellants filed and seek to maintain a lawsuit for the purpose of having the proclamation declared a nullity by the courts and to enjoin state and local authorities from enforcing the proclamation as it prohibits hunting of wild game and birds in the river beds owned by the State in Uvalde, Dimmit, and Zavala Counties.

■ Whatever right appellants have to hunt the river beds owned by the State in the three counties named in the proclamation is shared by them in common with all the people, not only with the citizens living in Uvalde, Dimmit, and Zavala Counties, but with the people in all the remaining 251 counties of Texas. Any impairment of appellants' right is an injury or damage sustained by them in common with the general public. Appellants by their pleadings affirmatively disclose their lack of justiciable interest in this controversy. San Antonio Conservation Society v. City of San Antonio, 250 S.W.2d 259, 263 (Tex.Civ.App. Austin 1952, writ ref.) An action will not lie to restrain an interference with a mere public right at the suit of an individual, or group of individuals, not shown to have suffered some damage peculiar to the person or persons bringing the action. Pierce v. Southern Pacific Company, 410 S.W.2d 801, 802 (Tex.Civ.App.

Waco 1967, writ ref.); City of San Antonio v. Strumberg, 70 Tex. 366, 7 S.W. 754, 755 (1888); Yett v. Cook, 115 Tex. 205, 281 S.W. 837, 841 (1926).

Appellants rely on a provision of the Uniform Wildlife Regulatory Act (Art. 978j–1, V.A.P.C.) which they contend permits them to maintain this suit. Appellants place their reliance on Section 12 of the Act which reads:

"Sec. 12. The Parks and Wildlife Commission is hereby expressly given the power and authority to review its own orders and to modify, amend or revise the same as it shall find the facts to warrant. Any action that may be filed to test the validity of any proclamation, order, rule or regulation of the Commission, passed pursuant to and under the provisions of this Act, must be brought in Travis County. Such suit shall be advanced by trial and determined as quickly as possible. In all such trials the burden of proof shall be upon the party complaining of such order, proclamation, rule or regulation to show it is invalid." (Sec. 12, Art. 978j–1, V.A.P.C.)

Section 12 expressly established venue in Travis County for suits brought to challenge validity of a proclamation. But neither by express terms nor by implication did the Legislature extend to individuals, having no interest or injury distinct from the general public of which they are members, the right to bring suit in behalf of the public with whom any right or damage is shared in common. Whatever the true import of Section 12 may be, it cannot confer a right upon private citizens to act for all the people where it is shown the individual has no interest different from all others. Staples v. State, 112 Tex. 61, 245 S.W. 639, 641 (1922); Allen v. Fisher, 118 Tex. 38, 9 S.W.2d 731, 732 (1928); Agey v. American Liberty Pipe Line Co., 141 Tex. 379, 172 S.W.2d 972, 974 (1943); Kamas v. Stepan, 197 S.W.2d 193, 195 (Tex. Civ.App. Galveston 1946, no writ).

■ The doctrine is stated by McDonald in this language: "Even express legislative

grant ordinarily cannot confer upon an individual, without the consent of, and without being subject to the control of, the proper officials, the power to represent the state in a civil action, though it be instituted on the relation of such a private party." McDonald: Texas Civil Practice, Vol. 1, sec. 3.03.3, p. 230 (1965 rev. vol.).

Appellants having no justiciable interest in this controversy apart and different from the public, redress for their character of injury may be maintained only by lawfully constituted guardians of the public interest. See San Antonio Conservation Society v. City of San Antonio, *supra*, 250 S.W.2d 263, and cases there cited.

The judgment of the trial court is reversed and judgment here rendered that the cause be dismissed, and it is so ordered.

Reversed, rendered and cause dismissed.