**PRECISION SHEET METAL MFG. CO., INC., and James T. Durham, Appellants,**

v.

**Wallace H. YATES and Lorraine P. Yates, Appellees.**

No. 05–89–00740–CV.

Court of Appeals of Texas, Dallas.

July 9, 1990.

Rehearing Denied Aug. 29, 1990.

Steve Terry, Newsom, Terry & Newsom, Dallas, for appellants.

Jack W. Frieze, Irving, for appellees.

Before STEWART, THOMAS and KINKEADE, JJ.

## OPINION

THOMAS, Justice.

Precision Sheet Metal Mfg. Co., Inc. and James T. Durham appeal from a summary judgment rendered in favor of Wallace H. Yates and Lorraine P. Yates (the Yates). In a single point of error, Precision and Durham contend that the trial court erred in granting summary judgment. We agree and, accordingly, reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

### FACTUAL BACKGROUND

In 1978, the Yates purchased a tract of land located in the Irby Lane Industrial Park Addition in Irving, Texas. In November 1980, the Yates divided the property into two parts but did not file a replat or request approval from the City of Irving. On November 21, 1980, they sold a portion of the tract to Precision. On that same day, Precision transferred the property to Durham, its president. Precision occupied and used the property for its business. On December 12, 1986, Precision attempted to expand its building but was refused a building permit because the land was not platted. Thereafter, Precision discovered that the Yates had not filed a replat or requested approval from the City of Irving for division of the tract. Precision further

learned that, in order to secure approval of a plat, it would have to construct improvements on its property as well as the adjoining property which was still owned by the Yates. When the Yates refused to assist in the replatting process, Precision and Durham filed suit on December 9, 1988, alleging violations of the Deceptive Trade Practices Act (DTPA) and article 974a of the Texas Revised Civil Statutes Annotated.[1] Alternatively, Precision and Durham sought equitable rescission of the contract due to fraud, failure of consideration, and mutual mistake of fact. Certain affirmative defenses were asserted by the Yates, and they thereafter filed a motion for summary judgment alleging that they were entitled to judgment as a matter of law because: (1) the statute of limitations barred recovery for all causes of action arising out of the contract of sale dated November 1980; (2) Durham was not a party to the contract; therefore he was not entitled to any relief; (3) the contract of sale did not obligate them to furnish a plat to Precision; therefore there could be no breach of contract; and (4) the pleadings did not state a cause of action for breach of contract. Precision and Durham responded alleging that: (1) the discovery rule applied to toll the statute of limitations; (2) the causes of action alleged in this lawsuit do not require privity of contract; and (3) except to the extent that the request for equitable recission of the transaction can be considered a cause of action touching upon contract, they did not attempt to allege any cause of action based in contract. The trial court granted the Yates' motion for summary judgment and Precision and Durham appealed.[2]

## STANDARD OF REVIEW

The standards for reviewing a motion for summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). The function of a summary judgment is not to deprive a litigant of his right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). A defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists as to the plaintiff's cause of action. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 166–67 (Tex.1987); *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex. 1983). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Dodson v. Kung,* 717 S.W.2d 385, 390 (Tex.App.—Houston [14th Dist.] 1986, no writ).

## STATUTE OF LIMITATIONS

■ The first basis asserted by the Yates supporting summary judgment alleges that the causes of action are barred by either section 17.565 of the Business and Commerce Code, a two-year statute of limitations, or section 16.004 of the Civil Practice and Remedies Code, a four-year statute of limitations. The Yates assert that all facts necessary to the accrual of any al-

---

**1.** Now codified at sections 212.001–212.017 of the Local Government Code.

**2.** In July 1989, subsequent to the granting of summary judgment, the Yates foreclosed upon the property, purchasing it at the Trustee's Sale. We note that Precision's and Durham's cause of

action survives the foreclosure sale because any violation by the Yates arose while Precision or Durham still owned the land. *See Spellings v. Lawyers Title Insurance Corp.,* 644 S.W.2d 804, 807 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

leged cause of action existed in November of 1980 when the sale was consummated. By moving for summary judgment on the basis of the running of the statute of limitations, the Yates assumed the burden of showing as a matter of law that the suit is barred by limitations. *Delgado,* 656 S.W.2d at 429. In response to the Yates' motion for summary judgment, Precision and Durham asserted that the discovery rule applied. When a non-movant asserts the discovery rule, to circumvent the bar of limitations, the non-movant must offer competent summary judgment proof raising that as an affirmative defense. *Smith v. Knight,* 608 S.W.2d 165, 166 (Tex.1980). It is then the burden of the movant to negate the pleading of the discovery rule by proving as a matter of law that there is no genuine issue of fact concerning the time when the plaintiff discovered or should have discovered the nature of the injury. *Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977); *Mitchell v. Jones,* 694 S.W.2d 61, 63 (Tex.App.—Houston [14th Dist.] 1985, no writ).

### A. DTPA

■ Section 17.565 of the Business and Commerce Code provides in pertinent part: *All* actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred *or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered* the occurrence of the false, misleading, or deceptive act or practice ... TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987) (emphasis added). In *Brooks Fashion Stores v. Northpark National Bank,* 689 S.W.2d 937, 943 (Tex.App.—Dallas 1985, no writ), this Court held that section 17.565 governs exclusively the limitations period applicable to DTPA suits. *See also Diamond v. Meacham,* 699 S.W.2d 950, 954 (Tex.App.—El Paso 1985, writ ref'd n.r.e.). In their supporting affidavits in response to the Yates' motion for summary judgment, Precision and Durham established that the Yates sold the land to Precision on November 21, 1980. On the same day, Precision transferred the land to its president, Durham. On December 12, 1986, Precision was refused a building permit when it attempted to expand its building. Precision thereafter discovered that the Yates had not filed a plat when they resubdivided the lot with the City of Irving. Precision and Durham filed suit December 9, 1988, which is within two years after they discovered the failure to replat. The only summary judgment proof offered by the Yates was an affidavit stating that the contract of sale was executed in November 1980. This proof does not negate the discovery rule allegation. Therefore, it was error for the trial court to render summary judgment on the grounds that the statute of limitations barred the DTPA action.

### B. Failure to Comply With Platting Statute

The Yates allege that the platting status of the property at issue was fixed on the date of the sale and it did not change thereafter. They contend that Precision and Durham were required to exercise reasonable diligence in considering the quality of the property conveyed and all terms of the proposed contract of sale prior to consummating the transaction. Thus, the Yates assert that Precision and Durham had constructive or actual notice of all laws in effect at the time of the sale including the platting statute and are therefore barred by the statute of limitations. Precision and Durham contend that vendees of land lying within a city's limits should be entitled to rely on a presumption that the vendor has complied with the law in subdividing his property. Accordingly, the vendee's cause of action should not accrue until he is put on notice that his use is restricted by an appropriate governmental authority, which would be when Precision and Durham learned that their land was first restricted on December 12, 1986.

■ In deciding whether the discovery rule should be extended to a particular cause of action, a balancing test is employed. In striking the balance, the courts have considered:

(1) the nature of the plaintiff's case, and the type of evidence required to establish and defend the claim;

(2) the length of the limitations period in question, and the wrongful act's susceptibility to discovery within that period; and

(3) the susceptibility of cases to fraudulent prosecution if limitation is tolled.

*Southwest Bank & Trust Co. v. Bankers Commercial Life Ins. Co.*, 563 S.W.2d 329, 331 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). Suits concerning compliance with platting will primarily depend on documentary evidence so there would be no reason to presume that evidence would become stale merely because of the passage of time. Further, the necessity of documentary proof lessens the likelihood of fraudulent suits. Accordingly, this case turns on whether the Yates' failure to replat was reasonably susceptible to discovery within the prescribed limitations period. We conclude that it was not. Although it is true that the platting statute was in existence at the time Precision bought the property, we hold that Precision and Durham had a right to rely on the presumption that the Yates would obey the mandatory language of the platting statute and file a plat of the resubdivision. *Cf. City of Austin v. North Austin State Bank*, 631 S.W.2d 564 (Tex.App.—Austin 1982, no writ) (suit wherein bank sought to recover overcharges for electricity was not barred by two-year period of limitations, notwithstanding fact that bank was put on notice of correct classification and rates by reason of an ordinance more than two years before suit was filed); *ECC Parkway Joint Venture v. Baldwin*, 765 S.W.2d 504 (Tex.App.—Dallas 1989, writ denied) (purchaser's constructive notice from deed records of height restriction on property was no defense to purchaser's action against vendor and broker). Therefore, constructive knowledge of the platting statute is no defense. Accordingly, we hold that the discovery rule applies to such causes of action. For the same reasons set forth above, the Yates' summary judgment evidence was insufficient to establish as a matter of law that this cause of

action was barred on the basis of statute of limitations.

**C. Equitable Rescission**

■ Precision and Durham alternatively sought equitable rescission of the transaction due to fraud, failure of consideration, and mutual mistake of fact. The Yates contend that this cause of action is also barred by either the two- or four-year statute of limitations. Suits for rescission predicated upon fraud, failure of consideration, and mutual mistake are governed by the four-year statute of limitations. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.051 (Vernon 1986); *Love v. Woerndell*, 737 S.W.2d 50, 52 (Tex.App.—San Antonio 1987, writ denied); *Stewart v. City of Austin*, 744 S.W.2d 682, 684 (Tex.App.—Austin 1988, writ ref'd). However, the statute of limitations for these causes of action does not begin to run until the fraud, failure of consideration, or mutual mistake was, or in the exercise of reasonable diligence should have been, discovered. *Stewart*, 744 S.W.2d at 684; *Whatley v. National Bank of Commerce*, 555 S.W.2d 500, 506 (Tex. Civ.App.—Dallas 1977, no writ). Utilizing the previously stated burdens, the Yates had to prove as a matter of law that there was no genuine issue of fact concerning the time when Precision and Durham discovered or should have discovered the nature of the injury. *Weaver*, 561 S.W.2d at 794. The Yates' summary judgment evidence failed to negate application of the discovery rule. Therefore, it was error for the trial court to render summary judgment as to the equitable rescission claim on the basis that the statute of limitations barred recovery.

**STANDING OF DURHAM**

The Yates also assert in their motion for summary judgment that Durham is not entitled to relief because he was not a party to the contract and, therefore, he lacks privity of contract and has no standing to sue. Durham contends that the causes of action alleged do not require privity of contract.

## A. DTPA

■ In order for a private party to have standing to sue under the DTPA, the party must be a consumer, as that term is defined in the DTPA. *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 173 (Tex.1980). For purposes of the DTPA, a *consumer* is an individual who seeks or acquires by purchase or lease, any goods or services. TEX.BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987). Under the DTPA, goods include real property purchased for use. TEX.BUS. & COM.CODE ANN. § 17.45(1) (Vernon 1987). Privity between the plaintiff and defendant is not a consideration in deciding the plaintiff's status as a consumer under the DTPA. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 541 (Tex.1981); *Flenniken v. Longview Bank and Trust Co.,* 661 S.W.2d 705, 707 (Tex.1983). In other words, the plaintiff need not have sought or acquired goods or services for purchase or lease *from the defendant.* All that is required is (1) that the plaintiff have sought or acquired goods or services for purchase or lease, and (2) that those goods or services form the basis of the complaint. *Cameron,* 618 S.W.2d at 539–41. However, the plaintiff need not have been the one to seek *and* acquire the good or service; it is sufficient if the plaintiff either sought or acquired it. Moreover, the plaintiff need not have been the person who purchased or leased the good or service if the plaintiff sought or acquired it. *See* TEX.BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987); *Superior Trucks, Inc. v. Allen,* 664 S.W.2d 136, 147–48 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.) (truck driver who was injured in a truck that his brother acquired and purchased was a consumer with respect to the truck even though he neither acquired nor purchased it, because he sought the truck with his brother). A plaintiff establishes his standing as a consumer in terms of his relationship to a transaction, not by a contractual relationship with the defendant. *Cameron,* 618 S.W.2d at 539; *Flenniken,* 661 S.W.2d at 707. The plaintiff has the burden of proving his or her status as a consumer. *River Oaks Townhomes Owners' Ass'n v. Bunt,* 712 S.W.2d 529, 531 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

■ The only summary judgment proof offered by the Yates was an affidavit stating that Durham was not the purchaser under the agreement and the Yates were therefore not in privity of contract with him. Durham's affidavit stated that he negotiated the purchase of a portion of the Irby Lane Industrial Park addition with the Yates on behalf of Precision in November 1980. He further stated that the purchase was closed on November 21, 1980, and that same day Precision conveyed an interest in the land to him. This proof raises a fact issue as to Durham's standing as a consumer and it was therefore error for the trial court to render summary judgment on the DTPA claim on this basis.

## B. Failure to Comply With Platting Statute

The Yates further contend that the platting statute does not provide for private enforcement, but is merely the source of municipal authority to regulate subdivisions within the area of a municipality's limits. The Yates allege that neither Precision nor Durham have standing to sue because they are not appropriate parties to assert the municipality's interest in the right to regulate its subdivisions. Precision and Durham contend that an individual has standing to litigate a matter as long as they have some interest peculiar to the person individually and not as a member of the general public and this general rule of standing is applied in all cases absent a statutory exception to the contrary.

■ In order for any person to maintain a suit it is necessary that he have standing to litigate the matters in issue. Standing consists of some interest peculiar to the person individually and not as a member of the general public. *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex.1984). More specifically, a person has standing to sue if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; (2) he has a direct

relationship between the alleged injury and claim sought to be adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused the plaintiff some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own. *Billy B., Inc. v. Board of Trustees of the Galveston Wharves*, 717 S.W.2d 156, 158 (Tex.App.—Houston [1st Dist.] 1986, no writ); *City of Bells v. Greater Texoma Utility Auth.*, 744 S.W.2d 636, 639 (Tex.App.—Dallas 1987, no writ). However, the sufficiency of a plaintiff's interest to maintain a lawsuit comes into question when he intervenes in public affairs. *Tri County Citizens Rights Org. v. Johnson*, 498 S.W.2d 227, 229 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). When the plaintiff, as a private citizen, asserts a public, as distinguished from a private, right, and his complaint fails to show that the matters in dispute affect him differently from other citizens, he does not establish a justiciable interest. *Id.* An action will not lie to restrain an interference with a mere public right at the suit of an individual, or group of individuals, not shown to have suffered some damage peculiar to the person or persons bringing the action. *Id.*

The purpose of the statute on plats is to require governmental approval to insure adequate provision has been made for streets, alleys, parks, and other facilities indispensable to the particular community affected. *Lacy v. Hoff*, 633 S.W.2d 605, 609 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). It protects future purchasers from inadequate police and fire protection, insures sanitary conditions, and other governmental services. *Id.* The statutory tool for implementation of planning is the city's ability and authority to require compliance with certain standards as a condition precedent to subdivision plat approval. *Id.* Article 974a of the Texas Revised Civil Statutes Annotated, in effect when Precision bought the land, provided, in part, that:

Section 1. Hereafter every owner of any tract of land situated within the corporate limits, or within five miles of the corporate limits of any city in the State of Texas, who may hereafter divide the same in two or more parts for the purpose of laying out any subdivision of any tract of land or any addition to any town or city, or for laying out suburban lots or building lots, or any lots, and streets, alleys or parks or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto, shall cause a plat to be made thereof which shall accurately describe all of said subdivision or addition by metes and bounds and locate the same with respect to an original corner of the original survey of which it is a part, giving the dimensions thereof of said subdivision or addition, and dimensions of all streets, alleys, squares, parks or other portions of same intended to be dedicated to public use, or for the use of purchasers or owners of lots fronting thereon or adjacent thereto; provided, however, that no plat of any subdivision of any tract of land or any addition to any town or city shall be recorded unless the same shall accurately describe all of said subdivision or addition by metes and bounds and locate the same with respect to an original corner of the original survey of which it is a part giving the dimensions thereof of said subdivision or addition, and dimensions of all streets, alleys, squares, parks or other portions of same intended to be dedicated to public use, or for the use of purchasers or owners of lots fronting thereon or adjacent thereto.

Sec. 2. That every such plat shall be duly acknowledged by owners or proprietors of the land, or by some duly authorized agent of said owners or proprietors, in the manner required for the acknowledgment of deeds; and the said plat, subject to the provisions contained in this Act, shall be filed for record and be recorded in the office of the County Clerk of the County in which the land lies.

Sec. 3. That it shall be unlawful for the County Clerk of any county in which such land lies to receive or record any

such plan, plat or replat, unless and until the same shall have been approved by the City Planning Commission of any city affected by this Act ... Any person desiring to have a plan, plat or replat approved as herein provided, shall apply therefor to and file a copy with the Commission or governing body herein authorized to approve same, which shall act upon same within thirty (30) days from the filing date....

Sec. 5. In cases where lots have been sold, the plan, plat or replat, or any part thereof, may be vacated upon the application of all the owners of lots in said plat and with the approval, as above provided, of the City Planning Commission or governing body of said city, as the case may be....

Sec. 8. Unless and until any such plan, plat or replat shall have been first approved in the manner and by the authorities provided for in this Act, it shall be unlawful within the area covered by said plan, plat or replat for any city affected by this Act, or any officials of such city, to serve or connect said land, or any part thereof, or for the use of the owners or purchasers of said land, or any part thereof, with any public utilities such as water, sewers, light, gas, etc., which may be owned, controlled or distributed by such city.

TEX.REV.CIV.STAT.ANN. art. 974a (Vernon 1963) (now codified at sections 212.001–212.017 of Local Government Code). Although article 974a did not provide for enforcement of the platting statute, section 212.018 of the Local Government Code now provides:

(a) At the request of the governing body of the municipality, the municipal attorney or any other attorney representing the municipality may file an action in a court of competent jurisdiction to:

(1) enjoin the violation or threatened violation by the owner of a tract of land of a requirement regarding the tract and established by, or adopted by the governing body under, this subchapter; or

(2) recover damages from the owner of a tract of land in an amount adequate for the municipality to undertake any construction or other activity necessary to bring about compliance with a requirement regarding the tract and established by, or adopted by the governing body under, this subchapter.

(b) A reference in this section to an "owner of a tract of land" does not include the owner of an individual lot in a subdivided tract of land.

TEX.LOCAL GOV'T.CODE ANN. § 212.018 (Vernon Supp.1990).

▇▇▇▇ Because the statute does not specifically grant authority to a private citizen, Precision and Durham must show that the matters in dispute affect them differently from other citizens; they must have suffered some damage peculiar to themselves. In their affidavits in response to the Yates' motion for summary judgment, Precision and Durham state that they were refused a building permit because the land was not platted. Because a plat of the resubdivision has not been filed, they contend that they are unable and will continue to be unable to secure a building permit for any remodeling, substantial repair or expansion of their premises until such time as substantial improvements are completed on the property, including the paving of parking areas and a path of ingress and egress through the center of the addition and the repositioning of certain utilities, including a fire hydrant on Lot 2. The improvements must be located in part on both lots and require the consent of both Durham and the Yates. The cost of the needed improvements is estimated to be $85,000. Because the land is unplatted, Precision's existing building cannot be expanded and could not be repaired should it be substantially destroyed. Because Precision and Durham raise genuine issues of material fact as to whether they have suffered damage peculiar to themselves, and the Yates have offered no summary judgment proof on this issue, the trial court erred in granting summary judgment on this basis.

## C. Equitable Rescission

▇▇▇▇ The general rule is that standing consists of some interest peculiar to the

**554**

person or entity individually. *Hunt,* 664 S.W.2d at 324; *City of Bells,* 744 S.W.2d at 639. Because Durham was not a party to the contract, the Yates assert that he is not entitled to relief. The Yates' summary judgment proof consisted of Mr. Yates' affidavit stating that Durham was not a purchaser under the agreement, and they are therefore not in privity of contract with him. In an affidavit attached to Precision's and Durham's response to summary judgment, Durham states that he is the president and sole director and shareholder of Precision and has been at all times in question. Durham negotiated the deal with the Yates on behalf of Precision. On the same day that the Yates sold the property to Precision, Precision transferred the property to Durham. Thereafter, because the Yates had not filed a plat of the resubdivision, Precision was denied a building permit to expand its facility and will not be able to do so without the cooperation of the Yates. It therefore appears that a fact question was raised by Durham as to whether: he has sustained some direct injury as a result of the wrongful act of which he complains; he has a direct relationship between the injury and claim sought to be adjudicated; he has a personal stake in the controversy; and the challenged action has caused him some injury in fact. *See Billy B., Inc.,* 717 S.W.2d at 158; *City of Bells,* 744 S.W.2d at 639. Accordingly, because Precision and Durham raise genuine issues of material fact as to whether Durham has standing to sue under a cause of action based on equitable rescission, and the Yates have not rebutted such issues, the trial court erred in granting summary judgment on this basis.

### THE CONTRACT AND THE FAILURE TO STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT

The Yates assert in their motion for summary judgment that Precision and Durham have failed to state a cause of action for breach of contract and further that there can be no breach since the contract did not obligate them to furnish a plat. Precision and Durham contend that, except to the extent that their request for equitable re-

scission of the transaction can be considered a cause of action touching upon contract, they have not attempted to allege any cause of action based in contract. Because the causes of action asserted by Precision and Durham do not allege a breach of contract, this basis for relief is inapplicable and cannot support summary judgment in favor of the Yates.

### CONCLUSION

We hold that Precision and Durham have raised genuine issues of material fact as to each cause of action they alleged, and the Yates have failed to establish as a matter of law their entitlement to a judgment. Accordingly, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings.