TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00694-CV






Rosiland Roemer, Appellant



v.



Erwin Roemer, Jr. and Michael Ray Bradle, Appellees






FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT


NO. 22,865, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING






 Appellant Rosiland Roemer filed suit in Bastrop County claiming a life estate, or
in the alternative a "right to occupancy," in three tracts of land owned by Mildred Roemer
("Mildred"). Appellant also brought causes of action for incapacity, breach of fiduciary duty,
defamation, and tortious interference against appellees Michael Bradle and Erwin Roemer, Jr.
("Erwin, Jr."). The trial court granted appellees' motion to dismiss for lack of subject-matter
jurisdiction, finding that appellant lacked standing to sue for adjudication of title to the subject
property. In addition, the trial court voided the lis pendens that appellant had filed with the
Bastrop County clerk. The trial court severed appellant's other causes of action resulting in a
final, appealable judgment. We will affirm the judgment of the trial court.


BACKGROUND

 Mildred is the mother of appellant and Erwin, Jr. Mildred owns multiple tracts of
real estate, including three tracts in Bastrop County that are the subject of this suit. In August
1998, while Mildred was hospitalized, she wrote a letter to five named individuals, informing
them that appellant and another person (who is not a party to this suit) had Mildred's permission
to live in a house and a mobile home on some Bastrop County property and take care of the
pasture and pets associated with that property.

 A few days after signing this letter, and while still in the hospital, Mildred, with
the assistance of her attorneys, prepared a trust agreement for the handling of her estate. Mildred
conveyed her Bastrop County property into the trust and granted a statutory power of attorney to
Bradle. The trust instrument named Bradle as trustee and provided for distribution of funds from
trust assets to Mildred during her life. The funds were to be distributed to Mildred for the
expenses of assisted living and for the benefit of her grandchildren, Erwin, Jr.'s children. Upon
Mildred's death, the income and the principal of the trust were to be distributed to Mildred's
grandchildren.

 With Mildred's consent, Bradle later undertook to sell the three tracts of Bastrop
County real estate to a third party. In the interim, appellant had filed the August letter with the
Bastrop County clerk as a deed. In order for the letter to be in recordable form, appellant signed
her own name to the letter, had her signature acknowledged, and printed the words "Life Estate
Deed" at the top of the letter, in her own hand. In January 1999, appellant filed a petition seeking
to prevent the sale. Ultimately, appellant filed a lis pendens in the Bastrop County real-property
records. This placed a cloud on the title to the property.

 Over the next fourteen months, appellant filed four amended petitions. 
Specifically, appellant alleged that she and Erwin, Jr. were the "sole and equal beneficiaries" of
Mildred's will, challenged Mildred's capacity to execute the power of attorney and the trust,
claimed Bradle breached his fiduciary duty as trustee of Mildred's estate, claimed appellees made
remarks constituting defamation, claimed a life estate or "right of occupancy" in the property, and
claimed tortious interference with appellant's property rights.

 In March 2000, the trial court ordered the parties to mediate the dispute. This
mediation was unsuccessful and the parties renewed their request for a hearing. Appellees filed
a motion to dismiss, asserting that appellant lacked standing to litigate title to the subject property. 
After an evidentiary hearing, the trial court found that appellant lacked standing, granted the
motion to dismiss, and declared appellant's lis pendens void and of no effect. Specifically, the
trial court ordered all causes of action related to the adjudication of title to the property dismissed. 
The trial court also denied appellant's request for a temporary injunction prohibiting appellees
from selling any interest in the property in which she claimed an interest. Appellant's causes of
action related to title to the real property were severed from her remaining causes, which remain
pending before the trial court. It is from these rulings that appellant brings this appeal. 


DISCUSSION

 At the center of this dispute is the letter, written and signed by Mildred in August
1998. In this letter, Mildred gave appellant "permission" to live in a house or mobile home on
her property and to "take care of the pasture, cows, dogs, and Chelsa cat, Crook, until they are
no longer on this Earth." Appellant claims that this document gives her a life estate, or in the
alternative a "right of occupancy," in the three tracts of Bastrop County real property totaling 230
acres. (1) Appellees claim that this letter was no more than a permissive license. The trial court
made no finding as to what the letter conveyed, if anything, but found that the letter was not a
deed, and certainly not a life-estate deed. We agree. The trial court correctly dismissed the case
because the appellant had no legal interest in the property, and thus lacked standing to bring a title
claim.


Consideration of Evidence to Determine Standing

 Appellant asserts that a court can only look to the pleadings when determining the
issue of standing and that the trial court erred by considering evidence presented at the hearing. 
In other words, appellant contends that the letter should not have been scrutinized at all during
the evidentiary hearing to determine whether she had standing. We disagree.

 The Texas Supreme Court addressed this issue in Bland Independent School District
v. Blue, 34 S.W.3d 547 (Tex. 2000). In that case, the Blues sued Bland ISD over a construction
project. The school district filed a plea to the jurisdiction, challenging the taxpayers' standing to
sue. The trial court conducted an evidentiary hearing on the school district's plea to the
jurisdiction. The Blues challenged the hearing, claiming that the court must decide a plea to the
jurisdiction based solely on the pleadings. Id. at 550. The trial court, based on the evidence
presented, ruled that the Blues had limited standing. Id. The Fifth Court of Appeals affirmed the
ruling, but stated that a ruling on a plea to the jurisdiction must be based solely on the pleadings
unless the defendant asserts that the plaintiff's allegations have been fabricated in an attempt to
confer jurisdiction where none exists. Id. at 549.

 The Texas Supreme Court reversed the decision of the appellate court and held that
a trial court could look beyond the pleadings to determine standing. The court in Blue held that
"a court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may
consider evidence and must do so when necessary to resolve the jurisdictional issues." Id. at 555. 
However, the trial court should "confine itself to the evidence relevant to the jurisdictional issue." 
Id.

 In this case, the trial court properly held an evidentiary hearing to determine if
appellant had standing. The trial court had the authority to review the letter, hear testimony, and
consider any other evidence relevant to the question of jurisdiction in its final determination. Id. 
Thus, the appellant is mistaken in her assertion that the trial court cannot look beyond the
pleadings. In Blue, the Texas Supreme Court endorsed this procedure.


Document as Ambiguous

 Appellant asserts that even if the trial court can look beyond the pleadings, the trial
court erred in dismissing her claims because the letter is ambiguous. The question of whether a
document is ambiguous is one of law for the court. Heritage Res. Inc. v. NationsBank, 939
S.W.2d 118, 121 (Tex. 1996). If a written instrument contains no ambiguity, the construction
of that instrument is also a question of law for the court. City of Pinehurst v. Spooner Addition
Water Co., 432 S.W.2d 515, 518 (Tex. 1968). However, the interpretation of a vague or
ambiguous document is a question of fact. Foshee v. Republic Nat'l Bank, 617 S.W.2d 675, 679
(Tex. 1981). 

 Appellant contends that once the trial court found the issue of standing turned on
the meaning of the letter, the inquiry should have ended and the letter should have been turned
over to a jury to interpret. Appellant claims that even though the trial court found that the letter
did not grant a life estate, a jury could construe the document as doing so. Appellees counter that
at no time did the trial court find that the letter was ambiguous. We agree with appellees.

 Appellant rests much of her argument on the trial court's statement that: "I have
no idea what this [the letter] is." However, appellant fails to put this statement in context. The
full statement by the trial court was: "I have no idea what this is, it's certainly not a deed." 
Although the trial court did not make a finding as to what interest, if any, the document granted
to appellant, the court unambiguously stated that the document was "certainly not a deed." The
fact that the trial court did not define the document is not dispositive. When looking at the entire
record, it is clear that the trial court did not find the document to be ambiguous. In fact, the trial
court went even further and stated that the document was "woefully inadequate to create any rights
to the property."


Standing 

 Having established that the trial court can look beyond the pleadings to determine
the issue of standing and that the letter itself was not ambiguous, it is necessary to determine if
the trial court made the correct ruling-that appellant does not have standing to bring her claim in
this case. Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction
is essential to a court's power to decide a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 443 (Tex. 1993). The absence of subject-matter jurisdiction may be raised by a plea
to the jurisdiction. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 637 (Tex. 1999). Whether the
trial court has subject-matter jurisdiction is a question of law. Blum v. Restland of Dallas, Inc.,
971 S.W.2d 546, 549 (Tex. App.-Dallas 1997, pet. denied). As a general matter, to have
standing the pleader must allege facts that affirmatively demonstrate the court's jurisdiction to hear
the cause. Tex. Air Control Bd., 852 S.W.2d at 443.

 We have previously addressed the issue of standing. See, e.g., Bailey v. City of
Austin, 972 S.W.2d 180 (Tex. App.-Austin 1998, pet. denied). In Bailey, this Court followed
the test for standing developed by the Texas Supreme Court. It requires (1) a real controversy
between the parties (2) that will be determined by the relief sought. Id. at 184 (citing Tex. Air
Control Bd., 852 S.W.2d at 446). In other words, a plaintiff must assert some restriction of his
own rights, not someone else's. Id. at 184-85.

 To support the claim that she has standing, appellant presents a test from the Dallas
Court of Appeals. See Precision Sheet Metal Mfg. Co. v. Yates, 794 S.W.2d 545 (Tex.
App.-Dallas 1990, writ denied). It states that a person has standing to sue if: (1) she has
sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful
act of which she complains; (2) there is a direct relationship between the alleged injury and claim
sought to be adjudicated; (3) she has a personal stake in the controversy; and (4) the challenged
action has caused the plaintiff some injury in fact, either economic, recreational, environmental,
or otherwise. Id. at 551-52.

 Appellant's reliance on the test presented in Yates is misplaced. The standing issue
addressed by the Dallas court was whether the plaintiff, as a private citizen asserting a public
right, succeeded in showing that the matter in dispute affected him differently than other citizens. 
Id. at 552. Even under Yates, because appellant does not have a life estate, she does not have a
"personal stake in the controversy," nor does she have an "injury in fact" that is directly related
to the claim. Here, as in Bailey, we must focus on whether appellant is asserting a restriction of
her rights. Bailey, 972 S.W.2d at 184. If not, she lacks standing. 

 It is helpful to consider the arguments presented by appellees. First, appellees
interpret the document as granting appellant only a permissive license to enter the land. A license
is a mere permission by a landowner to another person to do some act or acts on the land. Texas-Louisiana Power Co. v. Webster, 91 S.W.2d 302, 306 (Tex. 1936). It is not an interest in the
land itself and conveys no title to the property concerned. Ropte v. Evans, 67 S.W.2d 396, 397
(Tex. Civ. App.-Austin 1933), rev'd on other grounds, 96 S.W.2d 973 (Tex. 1936). If the letter
is in fact a license, it certainly does not give appellant an interest so as to cloud the title for
purposes of selling the land. 

 To determine appellant's standing in this case, it is necessary to determine if
appellant has any justiciable interest in the property. Bell v. Ott, 606 S.W.2d 942, 953 (Tex. Civ.
App.-Waco 1980, writ ref'd n.r.e.). In order to do this, we must look to the document itself. 
By statute, a deed must be in writing and must be subscribed or delivered by the conveyor or the
conveyor's agent. Tex. Prop. Code. Ann. § 5.021 (West 1984). In order for a deed to
accomplish a legally effective conveyance, one must be able to ascertain a grantor and grantee,
there must be words of grant showing an intention by the grantor to convey title to a real property
interest to the grantee, it must sufficiently describe the land being granted, and it must be signed
and acknowledged by the grantor. See Green v. Canon, 33 S.W.3d 855, 858 (Tex. App.-Houston
[14th Dist.] 2000, no pet.).

 When applying these standards to the document in this dispute, the letter clearly
does not grant appellant any possessory interest, and thus, does not allow her to challenge the sale
of the property. First, the letter did not contain operative words of grant showing an intention
by the grantor to convey title. Id. at 858 (finding that document containing words, "I don't want
to sell you the house I want to give it to you," had sufficient words of grant). The letter merely
gave appellant "my permission" to live in a house, go on the land, and take care of the pets. 
Because appellant merely has permission from Mildred, this permission is revocable at any time
and does not amount to a grant of interest in land. See Ramthun v. Halfman, 58 Tex. 551, 554
(1883) (finding that party merely had permission to use land and this was considered a license and
revocable at any time).

 Second, the letter does not sufficiently describe the nature of real property interest
being conveyed. It is not clear whether this conveyance is for the life of Steve Akins, the life of
Rosiland Roemer, or the life of the pets mentioned in the letter.

 Third, the document does not sufficiently describe the real property being
conveyed. The property in question constituted three separate tracts of land, and the letter does
not specify which tract, if any, appellant is given permission to occupy. In addition, Mildred also
maintained land outside of Bastrop County. The letter does not contain a legal description of any
tract and gives no reference to any other document that would determine the property being
referenced. A written instrument must furnish the means or date by which the particular tract
covered by the instrument may be identified with reasonable certainty. Kmiec v. Reagan, 556
S.W.2d 567, 569 (Tex. 1977). Thus, because the letter does not specify which real estate is
intended, the document cannot be construed as a deed.

 Finally, the letter was signed, but never acknowledged by the grantor. Green, 33
S.W.2d at 858. In fact, when appellant attempted to record the document with the Bastrop County
Clerk, several months after Mildred sent it to the five individuals named on the letter, appellant
learned it was not in recordable form. Because Mildred's signature had no acknowledgment,
appellant signed the document and had her own signature acknowledged on a second page she
added to the letter. This conclusively shows that the grantor never acknowledged the document
as granting any interest to appellant. Appellant attempted to gain a property interest in the
property by acknowledging the letter herself.

 The document does not convey any real property interest to appellant. The trial
court found, and we agree, that the document in question does not grant a life estate or right of
occupancy to appellant. Therefore, appellant does not have standing to bring this claim. See
Bailey, 972 S.W.2d at 184-85.


Appellees' Joint Motion for Frivolous Appeal

 Appellees filed a motion to assess damages for frivolous appeal. We deny this
motion. Appellate sanctions will be imposed only if the record clearly shows the appellant has
no reasonable expectation of reversal, and the appellant has not pursued the appeal in good faith. 
City of Houston v. Morua, 982 S.W.2d 126, 131 (Tex. App.-Houston [1st Dist.] 1998, no pet.). 
Appellees claim that appellant raised, for the first time on appeal, the issue of ambiguity of the
document. They assert that because this issue was not raised in appellant's pleadings, she cannot
bring this issue on appeal. However, we find that appellant challenged the trial court's judgment
on the merits, she had some expectation of reversal, and she pursued the appeal in good faith. 
Therefore, sanctions are not justified and we assess no damages.


CONCLUSION

 We affirm the trial court's dismissal of all causes of action related to the
adjudication of title to the property and the severance of these causes from all other remaining
causes of action.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: May 3, 2001

Do Not Publish

1. The differences between a life estate and a right of occupancy are slight. A right of
occupancy simply gives the grantee a right of limited ownership, to occupy a particular space for
a particular time. A life estate allows the grantee a right of occupancy and the ability to earn
income and suffer liability from the property. Cruse v. Reinhard, 208 S.W.2d 598, 605-06 (Tex.
Civ. App.-Beaumont 1948, writ ref'd n.r.e.). However, both grant an interest in property, which
is what appellant seeks in this case.


f real property interest
being conveyed. It is not clear whether this conveyance is for the life of Steve Akins, the life of
Rosiland Roemer, or the life of the pets mentioned in the letter.

 Third, the document does not sufficiently describe the real property being
conveyed. The property in question constituted three separate tracts of land, and the letter does
not specify which tract, if any, appellant is given permission to occupy. In addition, Mildred also
maintained land outside of Bastrop County. The letter does not contain a legal description of any
tract and gives no reference to any other document that would determine the property being
referenced. A written instrument must furnish the means or date by which the particular tract
covered by the instrument may be identified with reasonable certainty. Kmiec v. Reagan, 556
S.W.2d 567, 569 (Tex. 1977). Thus, because the letter does not specify which real estate is
intended, the document cannot be construed as a deed.

 Finally, the letter was signed, but never acknowledged by the grantor. Green, 33
S.W.2d at 858. In fact, when appellant attempted to record the document with the Bastrop County
Clerk, several months after Mildred sent it to the five individuals named on the letter, appellant
learned it was not in recordable form. Because Mildred's signature had no acknowledgment,
appellant signed the document and had her own signature acknowledged on a second page she
added to the letter. This conclusively shows tha