# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00206-CV

**Daneshjou Daran, Inc.; Daneshjou Company, Inc.; and Benny M. B. Daneshjou, Appellants**

**v.**

**Truck Insurance Exchange, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. GN501840, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Daneshjou Daran, Inc., Daneshjou Company, Inc., and Benny M. B. Daneshjou appeal from a summary judgment in favor of appellee Truck Insurance Exchange. The district court held, as a matter of law, that Truck Insurance Exchange (TIE) did not breach its duties to defend or indemnify appellants under an insurance policy when appellants were sued by Sandra Bullock and John Bullock. Appellants contend that the Bullocks alleged that appellants' negligent conduct caused property damage and thereby triggered TIE's duty to defend and indemnify appellants under the policy. We affirm.

Appellants argue that, pursuant to a commercial general liability coverage policy, TIE was obligated to provide them coverage and a defense in a suit by the Bullocks. In the underlying case, the Bullocks alleged that they were injured by appellants' misconduct in preparing to develop a housing subdivision. The Bullocks alleged that appellants violated several aspects of an agreement

with them regarding how the land would be platted and zoned for a subdivision called The Cove at Lake Austin, and instead obtained a plat for a subdivision called Las Calas that substantially deviated from the agreed-upon plan for The Cove, and substantially and irreparably harmed the Bullocks' interests. They asserted causes of action including breach of contract, fraudulent misrepresentation, breach of fiduciary duty, violations of the Texas Security Act, and negligent misrepresentation. It is the cause of action for negligent misrepresentation that appellants contend triggered TIE's duty to defend and indemnify them.

When TIE refused to defend appellants from the Bullocks' suit, appellants filed this suit.[1] Appellants asserted claims against TIE for breach of contract, violations of the insurance code, and breach of the duty of good faith and fair dealing. They also sought a declaration that the policy covered the claims filed by the Bullocks.

TIE based its motion for summary judgment on three grounds: (1) that the Bullocks alleged intentional conduct, which is not covered by the policy, (2) that the policy did not provide coverage because there was no allegation of bodily injury, advertising injury, or personal injury, and (3) that the policy did not provide coverage because there was no property damage alleged. The trial court granted TIE's motion without stating a particular basis in its judgment.[2]

We review the summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). The standards for reviewing a summary judgment are well

---

[1] Appellants also assert that TIE's denial of coverage and defense forced them to settle with the Bullocks.

[2] In its letter announcing its intended judgment, the trial court explained that it did not find any factual allegation of negligence. Further, the trial court stated that it did "not see an allegation of any injury covered by the policy."

established: (1) the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) we take all evidence favorable to the non-movant as true while deciding whether a disputed issue of material fact exists that would preclude summary judgment; and (3) we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Because the trial court's order granting summary judgment does not specify the basis for the ruling, we must affirm the trial court's judgment if any theory advanced is meritorious. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

The duty to defend is determined by reviewing the claims alleged in the petition and the coverage provided in the policy. *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009) (discussing "eight-corners" rule) (citing *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997)). "If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *Id*. The extent of coverage is determined from the factual allegations in the complaint rather than the legal theories asserted. *Terra Int'l, Inc. v. Commonwealth Lloyd's Ins. Co.*, 829 S.W.2d 270, 272 (Tex. App.—Dallas 1992, writ denied).

Appellants assert on appeal that the trial court erred by granting summary judgment because the Bullocks alleged property damage within the scope of the policy. The policy defines property damage as follows:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

3

b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

The Bullocks alleged that appellants' conduct deviated from and rendered impossible the development of the property consistent with their agreement with appellants. They sought the return of all invested funds, payment for the value of their interest exclusive of the initial investment, plus interest. Alternatively, the Bullocks sought a constructive trust to oversee development of the land in conformity with The Cove agreement. Appellants cite the following allegations by the Bullocks as satisfying the definition of property damage: "restricting water access to certain properties, reducing the overall number of lots in the subdivision, combining two lots without defining how costs would be shared, eliminating boat docks, and separately establishing water access parcels and/or rights in the name of Daneshjou Company, Inc." Appellants contend that these allegations assert claims for property damage covered under the policy by "(1) establishing the obvious injury to the property that comprises the real estate in the subdivision; that is, the water restrictions, loss of boat docks and so forth; and (2) the loss of use of the property due to the alleged failure to obtain the plat itself."[3]

The Bullocks did not assert a claim for property damage as defined by the policy. They did not allege any physical injury to any property, nor did they allege that they were deprived of personal use of the property. Courts have held as a matter of law that "loss of use" in the property

---

[3] Although appellants contend that the failure of a property owner to obtain a platting may give rise to a cause of action sounding in both tort and contract, the case appellants cite for this proposition does not address what allegations trigger coverage under a property damage insurance contract. *See Precision Sheet Metal Mfg. Co. v. Yates*, 794 S.W.2d 545, 553 (Tex. App.—Dallas 1990, writ denied).

damage insurance context must be something more than purely economic loss to trigger coverage and a duty to defend. Although the complaint broadly asserts that the defendants were negligent, the factual allegations underlying those broad assertions are to the effect that appellants' misrepresentations—negligent or intentional—caused the loss of the plaintiffs' investment and anticipated profits. It has been held that such factual allegations do not establish "property damage" within the meaning of the insuring agreements. *Id.* at 273 (when plaintiff land purchaser alleged that defendant seller's post-sale actions caused land to fall within flood control district, raising taxes and rendering land virtually worthless on resale market, alleged damages were purely economic and not within policy's loss of use provisions; summary judgment supporting denial of coverage affirmed);[4] *see also Great Am. Lloyds Ins. Co. v. Mittlestadt*, 109 S.W.3d 784, 787-88 (Tex. App.—Fort Worth 2003, no pet.) (buyers of house situated partially over pipeline easement did not suffer loss of use covered by policy because pipeline company allowed house to remain; following bench trial, trial court held that conditions and limitations placed on future use of house were purely economic

_____

[4] The Dallas court of appeals concluded as follows:

> Although the complaint broadly asserts that the defendants were negligent, the factual allegations underlying those broad assertions show only that the defendants made negligent misrepresentations that resulted in the loss of the plaintiff's investment and anticipated profits. It has been held that such factual allegations do not establish "property damage" within the meaning of the insuring agreements. . . .

> We conclude that the allegations in the third-party complaint neither allege physical injury to or destruction of tangible property nor the loss of use of tangible property within the property damage provisions of the insurance policies. Thus, we hold that the trial court properly granted the Insurers' motion for summary judgment.

*Terra Int'l, Inc. v. Commonwealth Lloyd's Ins. Co.*, 829 S.W.2d 270, 273 (Tex. App.—Dallas 1992, writ denied).

5

loss). Appellants' changes to the planned and permitted uses of the land in which the Bullocks invested did not alter or injure the land physically, but changed the uses permitted by city planning rules and intended by appellants. The Bullocks did not seek recovery for value lost due to appellants' deviation from their agreed use of the property for the period between the Bullocks' investment and the end of the trial. Instead, the Bullocks sought to recover the value of their investment or, alternatively, to resume development of the subdivision as planned. The primary and alternative relief sought, and the factual allegations supporting such relief, are consistent with allegations of purely economic loss. Accordingly, the Bullocks' allegations were not within the scope of the insurance policy. *See Terra*, 829 S.W.2d at 273.

Because the Bullocks did not allege claims within the terms of the policy, as a matter of law TIE was not required to provide coverage or defend appellants from the Bullocks suit. This basis of TIE's motion supports the trial court's summary judgment on appellants' suit. Accordingly, we need not explore alternate bases for the judgment because such review is not necessary to the final disposition of this appeal. *See* Tex. R. App. P. 47.1; *Urena*, 162 S.W.3d at 550.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Puryear and Waldrop

Affirmed

Filed: August 5, 2009

6