**Marlin Q. BOND, Appellant,**

v.

**HOME FURNITURE COMPANY,**
Appellee.

No. 5389.

Court of Civil Appeals of Texas,
Waco.

Nov. 14, 1974.

Martin, Harrison & Withers, John H. Withers, Dallas, for appellant.

Ungerman, Hill, Ungerman, Angrist, Dolginoff & Teofan, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

Plaintiff Home Furniture sued defendant Bond in Dallas County to recover the balance due on a note due plaintiff from Big K. Furniture Company, Inc. Defendant filed plea of privilege to be sued in Coryell County. Plaintiff controverted asserting venue in Dallas County under subdivision 5, Article 1995 Vernon's Ann. Tex.Civ.St. After hearing the trial court overruled the plea of privilege.

Defendant appeals on one point: "The trial court erred in overruling (defendant's) plea of privilege".

Big K. Furniture Company, Inc., was owned by Billy Ray Middleton and defendant. Big K. on April 4, 1972, executed a note payable to plaintiff in Dallas, Texas (on which a balance of $2398.00 was unpaid at time of suit). On June 7, 1973, Billy Ray Middleton and defendant signed a written agreement under which Middleton transferred to defendant all interest Middleton held in Big K., and defendant agreed to assume all debts of Big K.

A third party for whose benefit a contract is made, whether he is a creditor-beneficiary or a donee-beneficiary, has by virtue of the contract a right that he may enforce by suit against the promisor. Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823; Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003; Allen v. Traylor, Tex.Com.App., 212 S.W. 945; Republic Nat. Bank v. Nat. Bankers Life Ins. Co., Tex.Civ.App., NRE, 427 S.W.2d 76.

And the beneficiary of the contract need not be named therein, if he is otherwise sufficiently described or designated. Knox v. Ball, 144 Tex. 402, 191 S.W.2d 17.

In the instant case Big K. owed a note payable in Dallas County, to plaintiff.

By contract Middleton transferred to defendant all of his interest in Big K., and defendant agreed to assume all debts of Big K. Plaintiff's note *payable in Dallas County* was a debt of Big K. which was assumed by defendant. Venue of the action is thus fixed in Dallas County by subdivision 5, Article 1995.

Defendant's point is overruled.

Affirmed.