Robert D. SPELLINGS and Elbert S. Cox, Appellant,

v.

LAWYERS TITLE INSURANCE CORPORATION, Eli Lipner and Lawyers Title Agency of Corpus Christi, Inc., Appellee.

No. 1981cv.

Court of Appeals of Texas, Corpus Christi.

Sept. 9, 1982.

Rehearing Denied Oct. 14, 1982.

R. Keith Nolley, Corpus Christi, for appellant.

Frank W. Nesbitt, Woody & Burney, David M. Coover, Jr., Coover & Coover, Corpus Christi, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a summary judgment. Robert D. Spellings and Edwin Cox, the appellants, sued Eli Lipner, Lawyers Title Agency of Corpus Christi, Inc., and Lawyers Title Insurance Corp., the appellees, to recover damages for the alleged breach of a title insurance policy, fraud, and violations of the Texas Deceptive Trade Practices Act (DTPA). The trial court granted the appellees' motion for summary judgment and entered a take-nothing judgment against the appellants. This appeal followed.

The record reflects that on February 2, 1974, Eli Lipner, on behalf of Lawyers Title Agency, issued an owner's title insurance policy which named S. Lynn Gray, trustee, as the insured.[1] This policy guaranteed that "S. Lynn Gray, Trustee," had "good and indefeasible title" to a certain tract of land located on Mustang Island in Nueces County. Mr. Gray, who is not a party to this suit, acquired legal title to this property as trustee for the appellants.

On November 16, 1977, the appellants instituted this action contending, among other things, that their trustee did not acquire indefeasible title to the Mustang Island property. To better understand the appellants' complaint, a discussion of the

1. At all times material to this suit, Eli Lipner was the president of Lawyers Title Agency of Corpus Christi, Inc., which is the exclusive agent in Corpus Christi for Lawyers Title Insurance Corp.

history of the title in question is necessary at this point.

On September 2, 1910, S.D. Beach acquired from John F. McDougal title to a 320 acre tract of land on Mustang Island. The deed to Beach described the subject property as follows:

"All that certain 320 acres of land more or less, being situate [sic] on Mustang Island Nueces County, Texas, Patented to Wm. Bryan under Ctf. No. 64, Abstract 45 Patent No. 102 Vol. 4 Meaning and intending to convey hereby all interest formerly owned by Wm. Bryan in and to said described lands. Reference is here made to the patent for more full and complete description."

Thereafter, on November 7, 1910, S.D. Beach filed in the Nueces County Plat Records a plat of a residential subdivision known as "Newport, Mustang Island." The exact location of this subdivision is unclear. The official surveyor for Nueces County testified, in a deposition filed by the appellees, as follows:

"I am now and have always been of the firm opinion that Newport Townsite cannot be located with any reasonable certainty on the ground. There is not one single point shown on the map which can be surveyed and located on the ground."

Subsequent to the filing of the Newport subdivision map, S.D. Beach apparently sold several lots in his newly platted subdivision to various persons. Deeds conveying title to these lots described the subject property simply by lot and block numbers, without reference to any metes and bounds description.

On October 13, 1911, S.D. Beach executed a general warranty deed which conveyed to W.B. Heaner the title to the following property:

"All that certain unsold portion of the tract situated on Mustang Island, Nueces County, State of Texas, Patented to Wm. Bryan under Ctf. No. 64 Abstract 45, Patent No. 102, Vol. 4, including the following lots . . .
[lot and block descriptions omitted]

Known and entered on the records of Nueces County in the County Clerks office, as Newport, Mustang Island, Nueces County, State of Texas."

A comparison of the property described in the McDougal-Beach deed and in the Beach-Heaner deed discloses that S.D. Beach intended to convey to Heaner the balance of the land he acquired from McDougal in 1910, leaving him with no interest in the original 320 acre tract. There is nothing in the record which indicates that Beach later reacquired an interest in this tract.

In 1944, the heirs of S.D. Beach executed a quit-claim deed which released unto Sam E. Wilson, Jr. all their right, title, and interest in the following property:

"All that certain 320 acres of land, more or less, being situated on Mustang Island, Nueces County, Texas, Patented to Wm. Bryan under Certificate No. 64, Abstract 45, Patent No. 102, Vol. 4, being the same land conveyed to S.D. Beach by John F. McDougal dated September 2, 1910 and recorded in Vol. 69, Page 249, Deed Records of Nueces County, Texas."

Thereafter, in 1973, the estate of Sam E. Wilson, Jr., executed a quit-claim deed to W.L. Bates which released title to the same property described in the Beach-Wilson quit-claim deed. In 1974, Bates conveyed to S. Lynn Gray, Trustee, by special warranty deed, a portion of the property he acquired from Wilson's estate. It is the title to this tract which is insured by the appellees and which the appellants contend is defective.

The defect which the appellants allege rendered their title defeasible is the Beach-Heaner deed and the deeds resulting therefrom. The appellants also allege that Eli Lipner fraudulently concealed, to their detriment, the Beach-Wilson and Wilson-Bates quit-claim deeds and that such concealment constituted deceptive trade practices.

On December 5, 1978, subsequent to the filing of this action, and before the granting of the summary judgment, the appellants, as a result of a foreclosure sale, lost any title they had in the subject property. Thereafter, the appellants amended their petition to include, among other things, al-

legations that the fraudulent actions of the appellees brought about the foreclosure. As stated above, the appellees were granted a summary take-nothing judgment against the appellants, and this appeal followed.

■ The appellants allege three points of error, all of which contend that the trial court erred in granting the appellees' motion for summary judgment. We must, therefore, examine the appellees' motion and determine whether the summary judgment evidence in the record establishes the appellees' right, as a matter of law, to a summary judgment on the grounds set forth in their motion. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Rutherford v. Whataburger, Inc.,* 601 S.W.2d 441, 443 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.).

The appellees' motion for summary judgment was based, in essence, upon three grounds: 1) that the appellants have no justiciable interest to prosecute this suit; 2) that the Newport deeds did not constitute a defect in the appellants' chain of title; and 3) that the appellants' alleged fraud and DTPA claims are barred by limitations. We will discuss these grounds in the order presented.

## JUSTICIABLE INTEREST

The appellees, in their motion for summary judgment, argued that the appellants have no justiciable interest in this suit because: 1) they lost their title in the above-mentioned foreclosure sale, and 2) S. Lynn Gray, trustee, was the insured named in the policy, which is non-transferable by its terms. We reject both of these contentions for the following reasons.

■ At the time the appellants instituted this suit, they held the equitable title to the property in question, a fact of which the appellees were aware. The appellants are thus the third-party beneficiaries of the title policy issued to their trustee, and, as such, are entitled to sue for its breach. *See Quilter v. Wendland,* 403 S.W.2d 335, 337 (Tex.1966); *Gonzalez v. City of Mission,* 620 S.W.2d 918, 922 (Tex.Civ.App.—Corpus

Christi 1981, no writ); *Bond v. Home Furniture Co.,* 516 S.W.2d 224 (Tex.Civ.App.— Waco 1974, no writ). Furthermore, *if* the appellants' title was defective, a question not decided in this appeal, the policy was breached, if at all, on the date of its issuance and the appellants' cause of action for any actual damages they may have suffered arose at that time. *See Southern Title Guaranty Co. v. Prendergast,* 494 S.W.2d 154, 156 (Tex.1973). Since their damages, if any, have not been determined or paid, the appellants' cause of action therefor survived the foreclosure sale. *Id.* Accordingly, we hold that the appellants have a justiciable interest in this suit.

## THE NEWPORT DEEDS

■ The appellees further contended in their motion for summary judgment that the Newport deeds did not render the appellants' title defective because these deeds were void due to insufficient property descriptions. We need not, however, answer this contention. The Beach-Heaner deed contains an adequate property description and purports to convey title to a portion of the property covered by the title policy in question. The appellees' summary judgment evidence does not establish, as a matter of law, that this deed is void. Therefore, even if we were to assume that the Newport deeds are void because of insufficient property description, in view of the Beach-Heaner deed, summary judgment would not be proper on this ground.

Although it is likely that the appellees can establish that any claims in the subject property arising under the Beach-Heaner deed are barred by at least the twenty-five year statute of limitations, Tex.Rev.Civ. Stat.Ann. art. 5519 (Vernon Supp.1982), the record in this case does not establish that such claims are barred as a matter of law.

## LIMITATIONS

Finally, we address the appellees' contention that the appellants' fraud and DTPA claims are barred, as a matter of law, by the two year statute of limitations, Tex. Rev.Civ.Stat.Ann. art. 5526 (Vernon Supp.

1981) and Tex.Bus. & Comm.Code Ann. § 17.56A (Vernon Supp.1982).

 A cause of action for fraud accrues when the injured party discovers or should have discovered the fraud. *Whatley v. Nat'l Bank of Commerce,* 555 S.W.2d 500, 505 (Tex.Civ.App.—Dallas 1977, no writ); *Fitzpatrick v. Marlowe,* 553 S.W.2d 190, 194 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). To be entitled to a summary judgment based on limitations, the burden is on the movant to prove as a matter of law that there is no genuine issue of fact concerning the time when the plaintiff discovered or should have discovered the nature of the injury. *Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977); *Citizens State Bank of Dickinson v. Shapiro,* 575 S.W.2d 375, 380 (Tex. Civ.App.—Tyler 1978, writ ref'd n.r.e.).

 In this case, the appellants' fraud and DTPA allegations are predicated upon the appellees' failure to disclose the existence of quit-claim deeds in their chain of title. Contrary to the appellees' contentions, we find nothing in the record which establishes as a matter of law when the appellants learned of these quit-claim deeds. Accordingly, we hold that the appellees failed to establish, as a matter of law, their right to a summary judgment based on limitations.

### JUDGMENT

We hold that the appellees failed to establish their right to summary judgment as a matter of law upon any of the grounds set forth in their motion. Accordingly, we reverse the judgment of the trial court and remand the cause to that court for trial.

REVERSED AND REMANDED.