NO. 01-14-00917-CV

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

MAR 2 4 2015

CHRISTOPHER A PRINE
CLERK

IN THE COURT OF APPEALS

FOR THE FIRST COURT OF APPEALS OF TEXAS

AT HOUSTON

ARDELL HUDSON,

Appellant.

Vs.

LEROY H. SIMMS / CHARTONI, INC. DBA THE
CARING CIRCLE ADULT DAY CARE CENTER

Appellees.

## BRIEF OF APPELLANT

Ardell Hudson, Pro Se
307 Coen Rd.
Arcola, Texas 77583
Telephone: (281) 431- 2247
Telecopy: (281) 431- 2247
ardellhudson@netzero.com

PRO SE FOR APPELLANT
ARDELL HUDSON

# IDENTITY OF PARTIES AND COUNSEL

I.   Appellants:

Ardell Hudson

II.   Counsel for Appellant

Ardell Hudson, Pro Se
307 Coen Rd.
Arcola, Texas 77583

III.   Appellees:

Leroy H. Simms, Registered Agent Chartoni Inc. DBA
The Caring Circle Adult Day Care Center

IV.   Counsel for Appellees:

Leroy H. Simms
6001 Savoy Drive, Suite 208
Houston, Texas 77036

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................ i

TABLE OF CONTENTS ..................................................................................... ii

TABLE OF AUTHORITIES ................................................................................. iv

STATEMENT OF THE CASE ............................................................................... vi

STATEMENT REGARDING ORAL ARGUMENT. ................................................. viii

ISSUE(S) Presented............................................................................................ viii

INTRODUCTION ................................................................................................. 1

STATEMENT OF FACTS .................................................................................... 1

AFFIDAVIT WITH EVIDENCE................................................................ 5-7, 8-11, 12-14

SUMMARY OF THE ARGUMENT ...................................................................... 4

ARGUMENT ..................................................................................................... 6

Standard of Review .......................................................................................... 6

2. THERE IS NO EVIDENCE, OR INSUFFICIENT AND MERE
   SPECULATIVE EVIDENCE, THAT LEROY SIMMS / THE CHARTONI
   INC. HAD A CAUSE OF ACTION TO DENY THE THIRD PARTY
   BENEFICIARY BY THE APPELLANT ............................................................. 7

3. APPELLEES FAILED TO MEET THEIR BURDEN OF PROOF
   REGARDING THE APPELLANT'S RIGHT TO BRING A CAUSE OF
   ACTION UNDER THE THIRD PARTY BENEFICIARY SECTION
   RESULTING IN DAMAGES DUE TO DERELICTION OF DUTY. THEY
   MERELY INTRODUCED SOME SPECULATIVE, ALTERNATIVE THEORY OF
   AGREED JUDGMENT WHICH APPELLANT HAD NO KNOWLEDGE OF. THE
   APPELLEES JUDGMENT OF THE FACTS WAS PURE SPECULATION, NOT
   BASED ON THE THIRD PARTY BENEFICIARY. ............................................. 8

4. THE TRIAL COURT IMPROPERLY PRECLUDED JUDGEMENT
   AGAINST APPELLANT WITHOUT HEARING THE FULL EXTENT.
   TO APPELLANT'S CAUSE OF ACTION ALLOWING THE THIRD PARTY
   BENEFICIARY TO BE ENTERED AS EVIDENCE............................................. 10

-ii-

CONCLUSION AND PRAYER .........................................................13

CERTIFICATE OF COMPLIANCE. ...........................................13

CERTIFICATE OF SERVICE. ....................................................14

APPENDIX ...................................................................................15

## TABLE OF AUTHORITIES

CASES

Bond v. Home Furniture Company, 516 S.W.2d 224, 224 (Tex. Civ. App.-Waco 1974, no writ).

Burke v. Scott, 237 S.W.2d 655, 656 (Tex. Civ. App.-Austin 1951, writ ref'd. n.r.e.)

Castanon v. Monsevais, 703 S.W.2d 295, 297 (Tex.App.-San Antonio 1985, no writ)

Corpus Christi Bank and Trust v. Smith, 525 S.W.2d 501, 503-504 (Tex. 1975).

Keller v Wilson, 168 S. W.3d 802, 810 (Tex.2005)

Whitaker v Rose, 218 S.W.3d 216, 221 (Tex. App. 2007)

STATUTES AND RULES

Third party beneficiary

## RECORD REFERENCES

Ardell Hudson (Appellant) will cite the record as follows:

| | | |
|---|---|---|
| Court Reporter's Record | - | [TR: page] |
| Exhibits | - | [EX: number] |
| Appendix | - | [APP: letter] |

-iv-

# STATEMENT OF THE CASE

**Nature of the case:** Appellees refused to pay damages order by the JP Court to the Appellant. The Appellees then filed to the Civil Court of Appeal.

**Course of proceeding** The Court refused to allow the Appellant to stipulate the evidence to show cause of action for seeking damages. The Appellant refused to comment due to respect for the Court.

The case proceeded to a non jury trial with the Judgment being awarded to the Appellees on the agreed judgment. That was the judgment from the court ordering that I get no money because I had no contract to have cause of action to sue the Appellees. I would also like to make mention that I did not have any agreement with Appellees or the Court to dismiss my cause of action for money damages. I want to emphasize that this is an error on part of the court. The court records will support my claim.

**Trial Court's Disposition:** The Court entered a judgment stating that the Appellant had no cause of action to sue because there was no contract between the Appellant and the Appellees. The court also introduced an Agreed Judgment Notice as the judgment where the court has no records or account of that decision. From this, Appellant filed notice of appeal and this appeal resulted.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Ardell Hudson, respectfully request oral argument.This appeal involves The Third Party Beneficiary giving the Appellant the right to sue the Appellee without being a part of the contract. Oral argument will assist the court in resolving this appeal.

## ISSUE(S) PRESENTED

1. THERE IS NO EVIDENCE, OR INSUFFICIENT AND MERE SPECULATIVE EVIDENCE, THAT ARDELL HUDSON (APPELLANT) COULD NOT SUE UNDER "THE THIRD PARTY BENEFICIARY RULE OF CIVIL PROCEDURE TITLE IV.

2. APPELLEES FAILED TO MEET THEIR BURDEN OF PROOF REGARDING THE MANNER IN WHICH "THE THIRD PARTY BENEFICIARY" SHOULD NOT APPLY. INSTEAD, THEY MERELY INTRODUCED SOME SPECULATIVE, ALTERNATIVE THEORIES ABOUT WHAT ERRORS MIGHT HAVE BEEN "POSSIBLE ", IN CONTRAST TO MULTIPLE SOURCES OF UNCONTRADICTED EVIDENCE THAT SUPPORTEDAPPELLANT.

3. THE TESTIMONY AND COURT RECORD OF APPELLEES WERE IN
ADMISSIBLE AS TO THE APPELLEES ULTIMATE OPINIONS OF INVOLVEMENT OF APPELLANT TO BRING A CAUSE OF ACTION
UNDER "THE THIRD PARTY BENEFICIARY" IN THE ALLEGED TESTIMONY, AS THEY WERE PURE SPECULATION, NOT BASE ON
PERSONAL KNOWLEDGE, AND IN TOTAL DISREGARD TO THE APPELLEES LACK OF "THE THIRD PARTY BENEFICIARY".

4. THE TRIAL COURT IMPROPERLY PRECLUDED IMPEACHMENT OF "THE THIRD PARTY BENEFICIARY" WITH ERROR.

## INTRODUCTION

Appellant is Plaintiff, Ardell Hudson. sued Appellate are Defendants, Leroy H. Simms /Agent, and Chartoni Inc. D/B/A the Caring Circle Adult Day Care Center for money damages after Appellees refused to pick up his brother daily as required by the services Appellees were to provide under the laws of

State of Texas. The Texas Department of Aging and Disability Services (DADS) cited the Appellate for violating their contract.As a result, Appellant expended expenses from Appellees unwillingness to follow the terms of the responsibilities to Appellant and his brother, their clients. The Appellant by law has the right to sue for damages as the Third Party Beneficiary. He won a judgment in the Justice of the Peace Court which was appealed by Appellees. He was denied this right in the trial court in an appeal de novo and was not allowed to present any evidence and what documentary evidence he gave, the court failed to put it in the record. This was an error.

## STATEMENT OF FACTS

Appellant is Plaintiff, Ardell Hudson. Appellate are Defendants, Leroy H. Simms /Agent, and Chartoni Inc. D/B/A the Caring Circle Adult Day Care Center.Appellant sued Appellees for money damages after Appellees refused to pick up his brother daily as required by the services Appellees were to provide under the laws of State of Texas. The Texas Department of Aging and Disability Services investigated my complaint against the Appellate, and cited the Appellate for violating their contract. As a result, Appellant expended expenses from Appellees unwillingness to follow the terms of the responsibilities to Appellees clients. The Civil trial Courts in a de novo appeals made a cause of action for the Defendant in error. The Attorney/Agent made no comments in behalf for the Chartoni Inc. during the course of the civil court trial. The court records will

1

support my claim to this statement. The court was conducted in a J P setting and there are no questions on record of the Appellate having any say of the Appeal that he file.The Appellant witness stated before the court that "because of the high cost of gas and the fees that we are reimbursed by Medicaid we just cannot go 19 miles to pick up his brother." [Cr.P.5 L.5-7]. When the evidence was presented to the court showing that the Chartoni Inc. was liable for their actions. The Court asked the Chartoni Inc. why The State DADS say they violated the law the response was pure speculation and Chartoni Inc. will attempt to again misstate the law and cherry picked words out of context. The comments were speculation, and not of knowledge. For example a witness for the Appellate (Defendant) stated "your Honor the other thing, we cannot pay him. It would be fraud." [Cr. P.8 L.4-5]. The Court stopped the witness from testifying and stated that it "would not be fraud because you all weren't doing what you were supposed to do". [CR. P.8 L.12-13]. Ardell Hudson (Appellant) had mention that he was involved with a complaint filed with Texas (DADS) that he had the right to sue for damages. The Attorney for the (Appellate) Chartoni Inc. asked no questions of why I should sue for damages. However the Court took charge and conducted the trial in a JP Court setting in error not allowing my evidence, and my reason for suing. For example: [CR. L.18 – 22]. States when Plaintiff was asked by the Court "Well why are they were going to pay you?" [CR. P.3 L.18 – 19]. The Appellant answered [CR. P.3 L. 20 – 22] "I'm a Third Party. He was staying with me at the time and I was taking him up there. I was interrupted by the court before I could finish my answer about the Third Party Beneficiary and the contract between the Chartoni Inc. and The

1

Texas (DADS) which allows me the right for a cause of action. I would like to stipulate that I didn't respond to the court for its way of court proceeding out of respect to the court. The Appellant continues to make statements that support my cause of action. It was alleged by the court that, Ardell Hudson had no contract with the Appellate to be entitled to damages from them. The court stated "Unless you show me a contract that says that you have a contract for it. [Cr: P6, L24 – L25 and P7, L1 – 5]. The Third Party Beneficiary has intended beneficiary status as to a promise between two others (Ardell Hudson) and the (Chartoni Inc) without any "intent" that the beneficiary is an intended beneficiary it only requires the promisee satisfy an obligation to pay money to the beneficiary; or the circumstances indicate that the promisee (Chartoni Inc.) intends to give the beneficiary the benefit of the promised performance. This is so straight forward. Again here is evidence of the Appellate uncontradicted evidence that will support Appellants right to sue as a Third Party Beneficiary. The Affidavit submitted will support that evidence taken on the date of the trial on October 22, 2014. will support the Appellee had admission of a promise to make good of their wrong for not picking up Jerome Hudson after my complaint filed against them with The (DADS) citations, and violations of their contract. This admission from the Appellees' in a document mention is a confession. When the Appellee admitted guilt all is left is the judgment of the law. The court over looked this evidence without adequate basis, and the evidence was misplaced in error and unable to be an exhibit for court records. There are other documents of evidence that will follow this page and have affidavits to support the evidence to submit which will show cause of action against the Appellee's. The court did not allow any evidence pertaining to the Appellants' case inerror. The court asked the question of "well,

1

why are they going to pay you? [CR: P.3, L18-19]. The court interrupted me, and stated "Get to the part where they owe you money" [ CR: P.3, L23-24].

## SUMMARY OF THE ARGUMENT

There is no evidence and/or insufficient evidence and/or the verdict is against the great weight and preponderance of the evidence which proves conclusively, as a matter of law, that Ardell Hudson was given the right to answer the question of why he could sue without having a contract with the Appellee. Thus there are answers supportable under any standard of evidence, uncontradicted evidence that support the Appellants cause of action, and favorable judgment. There is evidence of a document written to Ardell Hudson (Appellant) admitting that they were wrong after having citations and other sanctions as appropriate. The Appellee admitted that they would start paying to get Jerome transported to their daycare center. To further stipulate by Texas law whenever a party admits they are guilty, the case is closed. The court fail to rule on the document and the county clerk of the civil court misplaced the document. (The Appellant submitted a second copy with an Affidavit as evidence.) Appellees' entire case was argued by the court against the Appellant saying he had no contract to sue them. There was no mention of a contract in any of their motions arguing of contract. They merely introduced some speculative, alternative theories about it would be fraud if they paid me for my suit against them. In contrast to multiple sources of uncontradicted evidence that supports the Appellants cause of action to sue as a third party beneficiary. The Appellees' testimony was of pure speculation, not based on personal knowledge, and total disregard to the Appellees' lack of the third party beneficiary. The evidence was Appellant was an intended third-party

4

beneficiary. Thus, the Appellate had no evidence to deny Appellant the right by law as an intended third party beneficiary. A third-party beneficiary, in the law of contracts, is a person who may have the right to sue on a contract, despite not having originally been an active party to the contract. Leroy H. Simms Agent/Chartoni Inc., had a contract with the Texas Department of Aging and Disability Services to provide care for my disable brother (Jerome Hudson). Chartoni Inc. breached the contract by not picking up my brother. I then filed a complaint with the Texas (DADS). The complaint caused an investigation resulting in the Chartoni Inc. breaking rules, or laws violated. Texas (DADS) issued citations and other sanctions, as appropriate. A copy of the letter supporting this can be viewed on [P.10-11] from the Affidavit of evidence. Thus by Chartoni Inc. result of being guilty of their actions and fined by the Texas (DADS).

Appellees' entire case was based on the courts testimony to conduct the trial in a JP court setting and introduce speculative and inconsistent questions about a contract without knowledge of the third party beneficiary right to sue without being a part of a contract. Therefore, Appellees failed to meet their burden of proof. Appellant were precluded from impeaching the third party beneficiary as evidence

## ARGUMENT

1. Standard of Review.

As was stated by the Supreme Court:
"We will sustain a legal sufficiency or "no evidence" challenge
if the record shows one of the following: (1) a complete absence
of a vital fact; (2) rules of law or evidence bar the court from giving
weight to the only evidence offered to prove a vital fact; (3) the
evidence offered to prove a vital fact is no more than a scintilla; or (4)
the evidence establishes conclusively the opposite of the vital fact.

6

City of Keller v Wilson, 168 S. W.3d 802, 810 (Tex.2005). We consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that supports it. Id. AT 821-22. The evidence is legally sufficient if it would enable reasonable and fair minded people to reach the verdict under review. Id. At 827. We credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. See id. In reviewing a factual sufficiency challenge, we examine all the evidence. Castanon v Monsevais, 703 S.W.2d 295, 297 (Tex.App.-San Antonio 1985, no writ). We will reverse only if the finding is against the great weight and preponderance of the evidence. Id."

Whitaker v Rose, 218 S.W.3d 216, 221 (Tex. App. 2007)

1. THERE IS NO EVIDENCE, OR INSUFFICIENT AND MERE SPECULATIVE EVIDENCE, THAT ARDELL HUDSON (APPELLANT) COULD NOT SUE

   UNDER "THE THIRD PARTY BENEFICIARY RULE OF CIVIL PROCEDURE TITLE IV.

2. APPELLEES FAILED TO MEET THEIR BURDEN OF PROOF REGARDING THE MANNER IN WHICH "THE THIRD PARTY BENEFICIARY" SHOULD NOT APPLY. INSTEAD, THEY MERELY INTRODUCED SOME SPECULATIVE, ALTERNATIVE THEORIES ABOUT WHAT ERRORS MIGHT HAVE BEEN "POSSIBLE ", IN CONTRAST TO MULTIPLE SOURCES OF UNCONTRADICTED EVIDENCE THAT SUPPORTED APPELLANT.

3. THE TESTIMONY AND COURT RECORD OF APPELLEES WERE IN ADMISSIBLE AS TO THE APPELLEES ULTIMATE OPINIONS OF INVOLVEMENT OF APPELLANT TO BRING A CAUSE OF ACTION UNDER "THE THIRD PARTY BENEFICIARY" IN THE ALLEGED TESTIMONY, AS THEY WERE PURE SPECULATION, NOT BASE ON PERSONAL KNOWLEDGE, AND IN TOTAL DISREGARD TO THE APPELLEES LACK OF "THE THIRD PARTY BENEFICIARY".

4. THE TRIAL COURT IMPROPERLY PRECLUDED IMPEACHMENT OF "THE THIRD PARTY BENEFICIARY" WITH ERROR.

There is no evidence and/or insufficient evidence and/or the verdict is against the great weight and preponderance of the evidence which proves conclusively, as a matter of law, that Ardell Hudson was given the right to answer the question of why he could sue without having a contract with the Appellee. Thus there are answers supportable under any standard of evidence, uncontradicted evidence that support the Appellants cause of action, and favorable judgment. There is evidence of a document written to Ardell Hudson (Appellant) admitting that they were wrong after having citations and other sanctions as appropriate. The Appellee admitted that they would start paying to get Jerome transported to their daycare center. To further stipulate by Texas law whenever a party admits they are guilty, the case is closed. The court fail to rule on the document and the county clerk of the civil court misplaced the document. (The Appellant submitted a second copy with an Affidavit as evidence.) Appellees' entire case was argued by the court against the Appellant saying he had no contract to sue them. There was no mention of a contract in any of their motions

7

issuing sanctions, and citations for the rules and laws being violated in the care of Jerome Hudson by the Appellate Tex. Civ. App. 19 "Sec. 2.607(e)(1), which states: (e) Where Ardell Hudson has filed a suit for breach of contract or other obligation for which Chartoni, Inc. is answerable over (1) he may give Chartoni Inc. written notice of the litigation. If the notice states that Chartoni Inc. may come in and defend and that the Chartoni Inc. does not do so they will be bound in any action against them by Ardell Hudson by any determination of fact common to the two litigations, then unless Chartoni Inc. after reasonable receipt of notice does come and so defend they are so bound." An example: The Chartoni Inc. failed to answer a demand letter, and failed to appear for the Default Judgment Hearing. The law states that if a Defendant fails to appear he has no means for an appeal. He simply has no evidence to argue to over throw the lower court's decision. There is no evidence and/or insufficient evidence and/or the verdict is against the great weight and preponderance of the evidence which proves conclusively, as a matter of law, that Ardell Hudson was given the right to answer the question of why he could sue without having a contract with the Appellee. Thus there are answers supportable under any standard of evidence. In contrast to multiple sources of uncontradicted evidence that support the Appellants cause of action, and favorable judgment. There is evidence of a document written to Ardell Hudson (Appellant) admitting that they were wrong after having citations and other sanctions as appropriate. The Appellee admitted that they would start paying to get Jerome transported to their daycare center. To further stipulate by Texas law whenever a party admits they are guilty the case is close. The court fail to rule on the document and the county clerk of the civil court misplaced the document. The Appellant submitted a second copy with an Affidavit as evidence. Appellees' entire case was argued by the court of the Appellant not having a contract to sue them.. There was no mention of a contract in any of their motions arguing of contract. They merely

9

evidence, uncontradicted evidence that support the Appellants cause of action, and favorable judgment. There is evidence of a document written to Ardell Hudson (Appellant) admitting that they were wrong after having citations and other sanctions as appropriate. The Appellee admitted that they would start paying to get Jerome transported to their daycare center. To further stipulate by Texas law whenever a party admits they are guilty, the case is closed. The court fail to rule on the document and the county clerk of the civil court misplaced the document. (The Appellant submitted a second copy with an Affidavit as evidence.) Appellees' entire case was argued by the court against the Appellant saying he had no contract to sue them. There was no mention of a contract in any of their motions arguing of contract. They merely introduced some speculative, alternative theories about it would be fraud if they paid me for my suit against them. In contrast to multiple sources of uncontradicted evidence that supports the Appellants cause of action to sue as a third party beneficiary. The Appellees' testimony was of pure speculation, not based on personal knowledge, and total disregard to the Appellees' lack of the third party beneficiary. The evidence was Appellant was an intended third-party beneficiary. Thus, the Appellate had no evidence to deny Appellant the right by law as an intended third party beneficiary. A third-party beneficiary, in the law of contracts, is a person who may have the right to sue on a contract, despite not having originally been an active party to the contract. Leroy H. Simms Agent/Chartoni Inc., had a contract with the Texas Department of Aging and Disability Services to provide care for my disable brother (Jerome Hudson). Chartoni Inc. breached the contract by not picking up my brother. I then filed a complaint with the Texas (DADS). The complaint caused an investigation resulting in the Chartoni Inc. breaking rules, or laws violated. Texas (DADS) issued citations and other sanctions, as appropriate. A copy of the letter supporting this can be viewed on [P.10-11] from the Affidavit of evidence. Thus by Chartoni Inc. result of being guilty of their actions and fined by the Texas (DADS).

complaint caused an investigation resulting in the Chartoni Inc. breaking rules, or laws violated. Texas (DADS) issued citations and other sanctions, as appropriate. A copy of the letter supporting this can be viewed on [P.10-11] from the Affidavit of evidence. Thus by Chartoni Inc. result of being guilty of their actions and fined by the Texas (DADS). Appellees' entire case was based on the courts testimony to conduct the trial in a JP court setting and introduce speculative and inconsistent questions about a contract without knowledge of the third party beneficiary right to sue without being a part of a contract. Therefore, Appellees failed to meet their burden of proof. Appellant were precluded from impeaching the third party beneficiary as evidence. A third party for whose benefit a contract was made may enforce the contract even though he or she is a stranger both to the contract and the consideration Burke v. Scott, 237 S.W.2d 655, 656 (Tex. Civ. App.-Austin 1951, writ ref'd. n.r.e.). In order to be entitled to enforce a contract, a third party beneficiary must show that the contracting parties "intended" to benefit him or her. A stranger to the contract is an intended third party beneficiary if there is clear evidence that such was the intention of the contracting parties. Corpus Christi Bank and Trust v. Smith, 525 S.W.2d 501, 503-504 (Tex. 1975). For example, the third party need not be expressly named if he or she is clearly described or designated in the express terms of the contract Bond v. Home Furniture Company, 516 S.W.2d 224, 224 (Tex. Civ. App.-Waco 1974, no writ).

-12-

## PRAYER

Appellant requests this Court Reverse and Remand for a new trial to correct the errors that were made by the trial court and for costs of appeal.

Respectfully submitted

*Ardell Hudson*

Ardell Hudson
307 Coen RD.
Arcola, Texas 77583
Facsimile No. 832-728-0163

## CERTIFICATE OF COMPLIANCE
## TEX. R. APP. P. 9.4(i)(3)

I hereby certify that this Brief of Appellants contains less than the maximum words allowed, but I do not have the computer ability to give an exact count, excluding the parts of the brief exempted under Tex. R. App. P. 9.4(i)(1), as verified by Word Perfect X4. This Brief of Appellant is there for in compliance with Tex. R. App. P. 9.4 (I)(B).

Dated: March 23, 2015

*Ardell Hudson*

ARDELL HUDSON
APPELLANT

-13-

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the Brief of Appellants has been served on the Appellee's counsel in accordance with the Texas Rules of Appellate Procedure on this 23rd day of March, 2015.


Leroy H. Simms
6001 Savoy Drive, #208
Houston, Texas 77036
simms.associateslaw@gmail.com



_Ardell Hudson_
ARDELL HUDSON

APPENDIX

AFFIDAVIT-Tab-A-1-3 P.16-18 ------  see evidence P. 4-5 and P. 7-8

AFFIDAVIT- Tab-B-1-4 P.19-22---- see evidence P.5 and P.8-9

AFFIDAVIT- Tab-C- 1-3 P.23-25---see evidence P.23-25

## <u>AFFIDAVIT OF</u> _____

STATE OF TEXAS        §

                       §

COUNTY OF ~~HARRIS~~    §    Fort Bend

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant who, being by me duly sworn, on oath deposes and says:

1.      My name is Ardell Hudson. I am over 18 years of age and I am fully competent to make this Affidavit. I have personal knowledge of the facts stated herein and they are true and correct.

2.      The document following this Affidavit is due to The Civil County Court at Law No.3 misplacing it in error. I requested it twice in a formal court setting. Both the county clerk at law no.3, and court reporter had no knowledge of the document taken on the day of the trial. The document will prove the great weight and preponderance of the evidence will show the (Appellate) Chartoni Inc. admitted their wrong after my complaint filed prove them in violation of the laws of their contract. This document will show my evidence to an intended third party beneficiary. Thus, the Appellate had no evidence to deny Appellant the right by law as an intended third party.

- TAB-A- 1

(SEE P. 4-5 AND P. 7-8)

P. 16

Further affiant sayeth naught.



_____

(NAME OF AFFIANT)

SUBSCRIBED and SWORN TO BEFORE ME this $\underline{23}$ day of $\underline{march}$, 2015.

KEITH J YOUNG JR
My Commission Expires
August 19, 2017

STATE OF TEXAS
NOTARY PUBLIC

_____

Notary Public in and for the State of Texas

My Commission Expires on:

August 19, 2017
_____

TAB-A-2

P. 17

# The Caring Circle Adult Daycare

869 Dulles Ave., Suite #D   Stafford, Texas 77477   Phone: 281 499 9922   Fax 281 499 9781

Family of Jerome Hudson
Attn: Mr. Ardell Hudson and Ms. Mary Anderson
324 Rosen Road,
Rosharon, Texas 77583
Sept. 5, 2013

Re: Co-ordination of Transportation for Client Jerome Hudson - In reference to Complaint # 626986 from DADS Enforcement Coordinator - Sam M. Gotsdiner.

Dear Mr. Hudson and Ms. Anderson,

The Caring Circle strives to keep families together by providing professional daytime services in a safe, caring environment, we believe life for seniors and those with disabilities must be enjoyed and not endured, our policy serves to "Deliver Experienced Care with Love." We are grateful to have your loved one Jerome Hudson as a participant in our Program and do consider him one of our most valued clients.

We are sorry for any inconveniences, but as discussed with you on more than one occasion "The Caring Circle Adult Daycare" is still it's baby stage, still struggling financially, therefore our company's van is presently unable to go twice daily out of the facility's agreed (15) mile radius as stated in our "Company's Transportation Policies" which makes it a challenge for us to offer transportation twice daily to "Rosharon" the location of Jerome Hudson's residence (which we have clocked (18) miles from our Facility), however, we have been continuously accommodating Jerome with one-way daily transfers and thought you were pleased that we've been improvising to transport Jerome home in the evenings for you.

However as a result of your complaint as per Complaint# 626986 we have made alternative arrangements for transportation for Jerome, we've contacted The Fort Bend Transit Services who are willing to provide daily transportation to and from "The Caring Circle Facility" for Jerome. Fort Bend Transit will start transportation on a suitable given date to be indicated by you.
"The Caring Circle" will cover the expenses of Fort Bend Transit's daily fee for Jerome which is minimal. The reason for choosing Fort Bend Transit is that they serve our Facility on a daily basis and are reputably safe and reliable. Please inform us on your most suitable start-date and time, so we can instruct Fort Bend Transit to begin services.

Thank you so much for your co-operation in this matter.

Respectful Regards,

Artencia Raffington - Owner/Manager

Tishana Raffington - Facility Administrator

TAB-A-3

## <u>AFFIDAVIT OF</u> _____

STATE OF TEXAS     §

         §

      KT

COUNTY OF ~~HARRIS~~   §

    Fort Bend

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant who, being by me duly sworn, on oath deposes and says:

1.  My name is Ardell Hudson. I am over 18 years of age and am fully competent to make this Affidavit. I have personal knowledge of the facts stated herein and they are true and correct.

2.  I have evidence supporting my action to file a suit as a third party beneficiary that was not allowed by me to have entered as an exhibit by the court. The court reporters records will support this. The document will be attached with my affidavit. This document was presented to the court but fail to accept it as evidence.

- TAB- B- 1

See P. 5, and P. 8-9

Further affiant sayeth naught.




_____

(NAME OF AFFIANT)


SUBSCRIBED and SWORN TO BEFORE ME this _23_ day of March , 2015.

KEITH J YOUNG JR
My Commission Expires
August 19, 2017

NOTARY PUBLIC
STATE OF TEXAS

_Keith J. Young Jr._

Notary Public in and for the State of Texas


My Commission Expires on:

August 19, 2017

-TAB-B-2

P.20



August 26, 2013

**CONFIDENTIAL**

ARDELL HUDSON
307 COEN RD.
ARCOLA, TX. 77583

Subject: Complaint # 626986

Dear Mr. Hudson:

On 08/13/13, a surveyor from the Texas Department of Aging and Disability Services (DADS) made an unannounced visit to The Caring Circle Adult Daycare Center to investigate your complaint regarding Administration: the facility administration failed to assure the development and maintenence of Client Hudson's individual plan of care and to assure that the cloent receives all the services he is supposed to receive. Client Hudson is not provided transportation to and from the facility. The surveyor conducted an investigation by inspecting the building, observing staff providing care and treatment, interviewing residents/consumers and employees, and reviewing records. Specifically the surveyor observed clients arriving at the facility via transport van. The surveyor reviewed Client records, facility advertisement of services offerred, facility contracts for community care services through DAHS (Day Activity/Health Services) and contract/records from client's other insurance plans. The surveyor interviewed staff and DAHS representatives. The surveyor reviewed the The Caring Circle Adult Daycare Center compliance with rules or laws related to your concerns.

The surveyor determined that rules or laws were violated at the time of the on-site visit; therefore, DADS intends to issue citations and may impose other sanctions, as appropriate.

If you would like additional information, please contact Neira Roman, Program Manager at 713-767-2303 or by e-mail at neira.roman@dads.state.tx.us. If you would like a copy of the investigation report, submit your request in writing to DADS Open Records Department either by fax at (512) 438-2738, by e-mail at RS.RecordsMgmt@dads.state.tx.us, or by mail to the following address:

Open Records Department
Mail Code E-349
Texas Department of Aging and Disability Services
701 W. 51st Street
Austin, Texas 78714

-TAB- B3
P. 21

Please list the complaint number on your correspondence to DADS. The complaint number can be found in the subject line at the beginning of this letter. Please allow 10 business days from the date of your request for a response from DADS Open Records Department indicating the estimated date when the requested information will be provided.

Sincerely,

Catherine Palmer, LBSW
Surveyor

cp

701 W. 51st St. ★ P.O. Box 149030 ★ Austin, Texas 78714-9030 ★ (512) 438-3011 ★ www.dads.state.tx.us
*An Equal Opportunity Employer and Provider*

-TAB-B4

P.22

## **AFFIDAVIT OF** _____

STATE OF TEXAS          §

                      §

COUNTY OF ~~HARRIS~~    §     <sup>KT</sup>
Fort Bend

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant who, being by me duly sworn, on oath deposes and says:

1.     My name is Ardell Hudson. I am over 18 years of age and am fully competent to make this Affidavit. I have personal knowledge of the facts stated herein and they are true and correct.

2.     I have evidence of a document attached to this Affidavit why I was taking care of my brother in transporting him to the adult day care center due to the neglect of the Chartoni Inc. failure to do so. Again the courts errors interrupting me while I was giving testimony hinder me from presenting the evidence as an exhibit for court records.

-TAB-C-1
See CR: P.3, L.13, L.20

P.23

Further affiant sayeth naught.

_Ardry Hudson_____
(NAME OF AFFIANT)

SUBSCRIBED and SWORN TO BEFORE ME this 23 day of March, 2015.

_Keith J. Young Jr._____

KEITH J YOUNG JR
My Commission Expires
August 19, 2017

Notary Public in and for the State of Texas

My Commission Expires on:

August 19, 2017_____

-TAB-C-2

P.24

324 Rosen Avenue
Arcola, TX 77583
October 21, 2014

**To whom it may concern;**

My name is Mary Etta Anderson; I am the guardian for Jerome Hudson. **Ardell Hudson is our brother.** After Caring Circle went back on their promise to pick Jerome up and bring Jerome home, I gave Ardell permission to take Jerome to Caring Circle Adult Day Center **every morning.** Because they assured me that they would pick him up I decided to enroll him there. Ardell's help was appreciated because I also have to care for our mother who has dementia.

If you have any further questions please give me a call. 713-269-6150

Mary Anderson

*Mary Anderson*

-TAB-C-3

P. 25

APPENDIX

AFFIDAVIT-Tab-A-1-3 P.16-18 ------ see evidence P. 4-5 and P. 7-8

AFFIDAVIT- Tab-B-1-4 P.19-22---- see evidence P.5 and P.8-9

AFFIDAVIT- Tab-C- 1-3 P.23-25---see evidence P.23-25